FILED
CLERK
10:11 am, Aug 22, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM J. WARD,

                       Plaintiff,

      - against –

NASSAU COUNTY,[1]

                       Defendant.
------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

15-CV-4309 (GRB)(LGD)

**GARY R. BROWN, United States District Judge**:

In this action, plaintiff William J. Ward ("plaintiff") seeks recovery of more than $5 million, based upon purported discrimination and retaliation in connection with his retirement from the police force following an accident which left him permanently disabled from performing the essential functions of his job. Defendant Nassau County ("County") moves for summary judgment. For the reasons that follow, that motion is GRANTED.

*Summary Judgment Standard*

This motion for summary judgment is decided under the oft-repeated and well-understood standard for review for these matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211–12 (E.D.N.Y. 2015), *aff'd*, 643 F. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein. In sum, the question before the Court is whether, based upon the undisputed or improperly disputed facts, the County is entitled to summary judgment. *See id.* Moreover, as this Court has previously held:

> [T]o oppose a motion for summary judgment, a party is required by the Court's Local Rules to submit a Statement of Material Facts upon which it contends there "exists a genuine issue to be tried" and "each statement controverting any statement of material fact . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L. CIV. R. 56(d); *Tuccio*

---

[1] Though the Nassau County Police Department appears in the caption, such agency is a non-suable entity, such that the caption reflects only Nassau County.

1

> *v. FJC Sec. Servs., Inc.*, No. CV 12-5506 (JFB)(GRB), 2014 WL 4438084, at *5 (E.D.N.Y. Aug. 18, 2014), *adopted by,* 2014 WL 4438469 (E.D.N.Y. Sept. 8, 2014), *appeal dismissed,* (2d Cir. Mar. 18, 2015). A party may not rest on a mere denial without citing supporting admissible evidence. "Merely denying certain statements in the moving party's statement of undisputed material facts without stating the factual basis for such denial and without disclosing where in the record is the evidence relied upon in making such denial does not constitute a 'separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried'—as is required to controvert the moving party's statement of undisputed material facts." *Covelli v. Nat'l Fuel Gas Distrib. Corp.*, 2001 WL 1823584, at *1 (W.D.N.Y. Dec. 6, 2001) (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001)), *aff'd, Covelli v. Nat'l Gas Distrib. Corp.*, 49 F. App'x 356 (2d Cir. 2002).
>
> Upon the failure to properly controvert a movant's statement of material fact, such statement "will be deemed admitted for the purposes of the motion." L. CIV. R. 56.1(c); *D.N. ex rel. D.N. v. Bd. of Educ. of Ctr. Moriches Union Free Sch. Dist.*, No. CV 14-99 (GRB), 2015 WL 5822226, at *3 n. 3 (E.D.N.Y. Sept. 28, 2015); *see also Edmonds v. Seavey*, No. 08 CIV. 5646 (HB), 2009 WL 2949757, at *1 n. 2 (S.D.N.Y. Sept. 15, 2009), *aff'd,* 379 F. App'x 62 (2d Cir. 2010); *AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De-Mar Food Servs. Inc.*, No. 06 Civ. 2142 (GEL), 2007 WL 4302514, at *5 (S.D.N.Y. Dec. 7, 2007). Again, district courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules," *Holtz,* 258 F.3d at 73, and the Court may not rely solely upon the failure to controvert assertions made in a Rule 56.1 statement if those assertions are not supported in the record. *See Giannullo*, 322 F.3d at 140 ("[E]ven though plaintiff's Rule 56.1 counter-statement failed to specifically controvert these assertions, the unsupported assertions must nonetheless be disregarded and the record independently reviewed."); *but see Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) (distinguishing *Giannullo* and upholding default where "each statement of proposed undisputed facts was supported by a citation to the record sufficient to prove each such fact").

*Davis v. Town of Hempstead*, No. 14-CV-903 (JMA)(GRB), 2019 WL 235644, at *3 (E.D.N.Y. Jan. 16, 2019). In this case, plaintiff has entirely failed to properly dispute the well-supported assertions posited by the County. The Court has, nevertheless, endeavored to search the kaleidoscopic record to ensure that the matters set forth herein represent undisputed fact. In nearly all instances, the facts asserted by the County in its 56.1 statements prove to be undisputed.

*Standards for Disability Discrimination and Retaliation under the ADA*

In its review, the Court has applied the frequently reiterated standards for summary

judgment motions for disability discrimination claims, including claims based upon a failure to accommodate, as well as retaliation claims under the ADA. These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in the Second Circuit's recent decision *Tafolla v. Heilig*, ---F. 4th ---, 2023 WL 5313520, at *4-11 (2d Cir. Aug. 18, 2023), which discussion is hereby incorporated by reference.

**DISCUSSION**

Plaintiff, a police officer who was injured in an on-the-job automobile accident, purports to assert several causes of action in this case, including (1) failure to accommodate plaintiff's request for an inter-precinct transfer to reduce his commuting time, (2) retaliation based upon (a) discipline imposed upon plaintiff for leaving his residence on Superbowl Sunday when he was supposedly at home on sick leave (conduct that he has admitted) and (b) prematurely forcing him into retirement, and (3) claims under the New York State Human Rights Law (which appear barred based upon a failure to file a notice of claim). *See generally* Docket Entry ("DE") 1. Once these claims are separated from purported violations of civil service rights and departmental regulations that plaintiff improperly and ubiquitously attempts to inject into these proceedings, the causes of action bear little discussion.

There is no dispute that, by 2014, plaintiff's physician determined that he had reached "maximum medical improvement" with respect to a shoulder injury sustained in that accident, and an independent medical examination concluded that plaintiff was suffering from a permanent disability in connection with his job responsibilities. *See* DE 110-2 at 615, 620. Plaintiff filed a disability application with New York State indicating he was permanently disabled, and was granted disability payments on that ground. *Id.* at 622–26, 637–38. These, standing alone, estop the plaintiff from arguing here that he could perform the essential functions of his job. *See*

*McKnight v. Town of Hamburg*, No. 12-CV-1257 (LJV)(MJK), 2016 WL 11259014, at *6 (W.D.N.Y. Apr. 25, 2016) ("Where, as here, the plaintiff files a successful disability application, her application will estop her from arguing in an employment discrimination action that she was qualified for her position unless she can provide an adequate explanation for her conflicting representations."). Even more telling, however, is plaintiff's self-assessment of his limitations, prepared and signed by him in September 2014:

> The following is a list of some of the tasks that I can no longer perform:
>
> I cannot have prisoner contact because I cannot properly defend myself.
>
> I cannot do patrol in a car because I cannot sit for extended periods of time without lower back pain.
>
> I cannot do foot patrol because I cannot stand for extended periods of time without lower back pain.
>
> I cannot sit at a desk for extended periods of time due to lower back pain.
>
> I cannot wear a gun belt at all because the weight causes me pain and discomfort in my lower back.
>
> I have, as recently as 3 months ago, had my weapon removed by the Police Surgeon because of the painkillers I was taking.
>
> I cannot lift my right (dominant) arm above my head when it is extended due to shoulder pain.

DE 108-10 at 2. Against this backdrop, plaintiff's reasonable accommodation claims—which relate solely to a transfer that would reduce his commute, prove ridiculous. Putting aside any other question (and there are many), the accommodation sought bears no relation to plaintiff's disability. "Difficulties commuting to a job need not be accommodated [under the ADA]." *Raffaele v. City of New York*, No. 00-CV-3837 (DGT)(RLM), 2004 WL 1969869, at *16 (E.D.N.Y. Sept. 7, 2004).

Additionally, to the extent plaintiff's retaliation claim relies on the discipline he received for being out of his residence on Superbowl Sunday, such a claim is belied by the evidentiary

record, which establishes that the only other individual who was also found to have been outside his residence on Superbowl Sunday was similarly disciplined—months after plaintiff was disciplined and with a more severe punishment. *See* DE 110-2 at 5-7. Moreover, under the undisputed circumstances, the County's filing of disability application on his behalf cannot be construed as discriminatory or retaliatory.[2] Thus, the case is entirely meritless.

## CONCLUSION

Based on the foregoing, the defendant's motion for summary judgment is GRANTED in all respects. The Clerk is to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
     August 22, 2023

                                        /s/ Gary R. Brown
                                        GARY R. BROWN
                                        United States District Judge

---

[2] Merely by way of example, plaintiff not only filed his Accidental Disability Retirement *before* the County filed for Performance of Duty retirement on plaintiff's behalf, but months prior, plaintiff retained a pension professional to perform a pension estimate, advising the professional that he was planning to file for Accidental Disability Retirement. DE 101 at 11-13. Such facts undermine plaintiff's argument that he was forced to file his application preemptively.